JOSÉ CESTERO JIMÉNEZ, peticionario, *v.* HON. RAMÓN PÉREZ DE JESÚS, JUEZ DEL TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, RELACIONES DE FAMILIA, demandado.

Número: JO-76-12      Resuelto: 28 de mayo de 1976

*Rivera Cestero & Marchand Quintero,* abogados del peticionario; *Ramírez, Segal & Latimer* y *Raúl E. Casanova Balado,* abogados de Sara M. Yordán Fonollera.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

Decretado un divorcio en la Sala de Relaciones de Familia del Tribunal Superior, han continuado procedimientos dirigidos a la liquidación y división del haber de la sociedad de gananciales que se aproxima al millón y medio de dólares. El tribunal tiene además pendientes mociones de aparente prioridad sobre pensión y alimentos de la ex-esposa. Como premisa inicial, parécenos que un pleito para distribución del caudal ganancial entre ex-cónyuges se aleja, por su naturaleza patrimonial, de la competencia usualmente asignada a un juez de relaciones de familia que demanda el continuado ejercicio de una facultad refinada entre las exigencias del Derecho y las realidades humanas de pasiones, emociones y sentimientos, labor que impone una adicional carga anímica a la de por sí complicada función de todo juzgador. En una Sala de Relaciones de Familia son más atendibles las humanas dificultades

de niños, padres y esposos que la disputa de estas partes para repartirse ganado, acciones y cuentas bancarias. Al considerar la vieja objeción de costo para los litigantes cuando el pleito se refiere a un Comisionado no ha de arrostrarse el costo social que algunos litigios descargan sobre el sistema de administración de justicia.

Con sólo anunciar el juez que designará un comisionado especial con encomienda de oír y adjudicar en su informe las reclamaciones respecto a partición de bienes, el antes marido recurre en *certiorari* para que el propio juez, y no un *master* o contador sea quien asuma la función adjudicativa en toda la línea.

■■■ La Regla 41.2 de Procedimiento Civil declara que la encomienda de un asunto a un comisionado en el Tribunal de Primera Instancia será la excepción y no la regla [y que] "no se encomendará el caso a un comisionado en ningún pleito, salvo cuando estuvieren envueltas cuestiones sobre cuentas, si no se demostrare la existencia de circunstancias excepcionales que lo requieran." *Parkhurst* v. *Parkhurst*, 76 D.P.R. 212, 223 y ss. (1954). La regla tiende a preservar la integridad del sistema al que la Constitución extendió el ejercicio del Poder Judicial y que diseñó como unificado en lo concerniente a jurisdicción, funcionamiento y administración. Constitución del Estado Libre Asociado, Art. V, Secs. 1 y 2. La delegación de facultades de juzgador implícita en la designación de un comisionado ha de justificarse a plenitud como solución única a situación extrema. Sin embargo, dentro del compromiso con nuestra sociedad de insuflar dinamismo y ritmo acelerado a la tramitación de pleitos, haciendo justicia rápida sin incurrir en el vicio de la festinación, debe evitarse que litigantes con capacidad económica para sufragar el costo de un comisionado o contador partidor reclamen para sus desavenencias una parte desproporcionada del tiempo que un juez debe dedicar a los numerosos asuntos de otras personas

en busca de justicia en su sala. El riguroso lenguaje de la Regla 41.2, que sigue a la 53(b) de Enjuiciamiento Civil de 1943 aprobada hace 33 años, no está al margen de la conciencia contemporánea del incremento en la litigación civil contenciosa, del alto costo social originado por algunos pleitos en términos del tiempo que toman a servidores públicos del sistema judicial y la creciente tendencia a utilizar instrumentos disponibles como árbitros, contadores, peritos y comisionados especiales para hacer viable el funcionamiento del sistema. Hay que recordar que estos agentes principalmente encargados de dirimir intrincadas cuestiones de hecho o aclarar un extremo específico del caso, van en auxilio del tribunal, sin desplazarlo. Compete al juez hacer una exigente evaluación de todos los factores en que se cuentan su alto deber ministerial, la especialidad técnica del litigio, los intereses de las partes, el tiempo que reclaman para su controversia y el estado del calendario de su sala, antes de llegar al remedio excepcional de llamar un comisionado.

■ De la resolución que estamos revisando y demás constancias en el expediente aparece que las partes están usando el descubrimiento de prueba, que los activos de la sociedad conyugal son divisibles sin gran dificultad y hasta la posibilidad de que las partes concurran en una liquidación y división voluntarias, por lo que en este momento procesal no estimamos presentes las circunstancias de excepción que requieran el desdoblamiento de la función judicial. Si más adelante se concretase la necesidad clara de un comisionado queda abierta esa opción en beneficio del sistema judicial y del propio interés de las partes en una decisión rápida por lo que al revisar la resolución recurrida corregimos su prematuridad, sin perjuicio de que se reproduzca si llegare el momento de necesidad excepcional que justifique tal acción. Una decisión sobre las mociones pendientes relativas a pensión y alimentos de la recurrida, de tener carácter urgente, no

ha de ser diferida en espera de la liquidación final de la extinta sociedad.

A tenor de la Regla 50 de nuestro Reglamento, *se expide el auto y se anula la resolución dictada el 23 de marzo de 1976 por el Tribunal Superior, Sala de San Juan, a cuya instancia se devuelve el caso para procedimientos compatibles con esta opinión.*

El Juez Presidente Señor Trías Monge disintió.